**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT NORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 15 C 4692** |
| ) | |
| **CITY OF HOMETOWN, KEVIN** ) | |
| **CASEY, and ROBERT FORSYTH,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

MATTHEW F. KENNELLY, District Judge:

Robert Norris was employed by the City of Hometown as a police officer. On

July 25, 2014, he responded to a call regarding a dog that had escaped from its owner's

yard. Norris and other officers located the dog and attempted to corner it. The dog,

believed to be a German Shepherd / pit bull mix, advanced on Norris, growling. Norris

feared for his safety, pulled out his service firearm, and shot the dog from about three

feet away as it advanced on him. The incident attracted press coverage. On July 28,

2014, Charles Forsyth, the chief of police issued a letter to the press and other officers

stating that he had terminated Norris over the incident. In the letter, Forsyth said he had

terminated Norris and that "if an officer makes a decision that endangers the lives and

safety of the public then no I will not back them up." Compl. ¶ 18. Norris was not given

a pre- or post-termination hearing.

Norris alleges that there was no good cause for his termination. He also alleges

that Forsyth's letter was defamatory; hurt his opportunities for other employment;

threatened his job as a fraud investigator for an insurance company; and prompted

people to make threats to him.  He has sued the City, Forsyth, and Mayor Kevin Casey

under 42 U.S.C. § 1983 for violation of his due process and equal protection rights, and

under state law for defamation and intentional infliction of emotional distress.

Defendants have moved to dismiss Norris's complaint for failure to state a claim.

In response to the motion to dismiss, Norris has conceded that his equal protection and

state law claims (Counts 3, 4, and 5) are legally infirm.  He objects, however, to

dismissal of his due process claims, Counts 1 and 2.  In Count 1, Norris alleges that his

termination without a hearing deprived him of property without due process.  In Count 2,

he alleges that Forsyth's letter deprived him of his liberty interest in his employment and

professional reputation.

**Count 1:**  In order for a government employee to state a claim for denial of due

process for alleged deprivation of property arising from termination of his employment,

the employee must allege that he has a constitutionally protected property interest.  This

requires Norris to have "more than a unilateral expectation of [the claimed interest].  He

must, instead, have a legitimate claim of entitlement to it.  An entitlement of that

magnitude arises when statutes[,] regulations [or a contract] . . . establish a framework

of factual conditions delimiting entitlements which are capable of being explored at a

due process hearing."  *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 621 (7th Cir.

2012) (internal quotation marks and citation omitted).

The Hometown Municipal Code, which the parties agree is an appropriate

subject of judicial notice that may be considered on a motion to dismiss, states that

"[n]otwithstanding any oral representation to the contrary, all members of the Police

Department may be suspended or terminated without notice, without a hearing and without cause." Hometown, Ill. Mun. Code, Art. 3 § 2.20. At-will employment is the antithesis of the sort of "legitimate claim of entitlement" that is protected by the due process clause.

To support Count 1, Norris relies on what might be considered an ambiguity within the Municipal Code. The Code section just quoted says that the police department shall consist of "a Chief of Police and such other officers, policemen and employees and auxiliary officers, policemen, and employees" as determined by the mayor and city council. *Id.* The Code section that follows that one says that the police department shall consist of the chief, a captain, two lieutenants, six sergeants, part-time patrolmen, and civilian employees (radio operators, desk clerks, dispatchers, and so on). *Id.* § 2.21(a)-(f). The subsection regarding "patrolmen" says that "[a]ll patrolmen are 'at will' employees and may be terminated without cause and without a hearing." *Id.* § 2.21(f). Norris contends that he was not a "patrolman" and thus this provision did not apply to him. This, however, ignores the fact that section 2.20, which by its terms applies to "all members of the Police Department," says that *all* department members may be terminated without cause, and without notice or a hearing.

The Court acknowledges that sections 2.20 and 2.21 may not be a model of clear drafting, but the fact is that Norris cannot point to any provision that establishes "factual conditions delimiting entitlements which are capable of being explored at a due process hearing," *Santana*, 679 F.3d at 621, or, to put it another way, that requires cause of any sort for termination. Indeed, both sections 2.20 and 2.21 say that no cause is required.

In short, Norris cannot establish the requisite property interest. The Court therefore dismisses Count 1.

Count 2: To state a claim for deprivation of liberty arising from the termination of governmental employment, a plaintiff must show that he was discharged from employment while being publicly defamed in a way that prevented him from getting other employment (or, perhaps, other *governmental* employment). *See, e.g., Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002); *Townsend v. Vallas*, 256 F.3d 661, 669-70 (7th Cir. 2001). In his complaint, Norris alleges that Forsyth terminated him and in doing so made a public statement, disseminated to the news media, that falsely accused him of endangering lives and safety, and as a result he lost other employment and employment opportunities. It remains to be seen whether Norris will be able to prove all of the elements of a claim for deprivation of liberty, but he has alleged enough to set forth a plausible claim.

Norris has also alleged enough to pursue a claim against each of the defendants. First, Forsyth is alleged to have said he participated in terminating Norris. Second, Norris contends that even though Forsyth said he made the decision, Mayor Casey had to be involved too, because the Municipal Code appears to give the mayor the authority to terminate police officers. *See* Hometown, Ill. Mun. Code § 2.23. And finally, Norris's allegations are sufficient to state a municipal liability claim against the City under section 1983 on the ground that the person who made the decision to terminate him—whether it was the chief of police or the mayor—was a final policymaker in the sense that his decisions were not subject to further review. *See generally Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011).

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss in part; Counts 1, 3, 4, and 5 of plaintiff's complaint are dismissed for failure to state a claim. The Court declines to dismiss Count 2. Defendants are directed to answer Count 2 by no later than November 23, 2015. At the status hearing set for November 9, 2015, the Court will set a pretrial and discovery schedule.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 8, 2015