# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT NORRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF HOMETOWN, KEVIN )<br>CASEY, and CHARLES FORSYTH, )<br>)<br>Defendants. ) | Case No. 15 C 4692 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The City of Hometown, its chief of police Charles Forsyth, and its mayor Kevin Casey have moved for summary judgment on the claim of plaintiff Robert Norris that they deprived him of liberty without due process of law. The Court grants the motion for the reasons described below.

## Background

Robert Norris was employed by the City of Hometown as a police officer. On July 25, 2014, Norris responded to a dispatch call regarding a dog that had escaped from its owner's yard. While inspecting the dog owner's yard, the dog appeared. Officers observed the dog for some time to ensure it would make its way home. At some point, however, the dog began to run directly at Norris. Defs.' Mot. for Summ. J., Ex. 2 (Norris Dep.) at 84:5-17. Fearing for his safety, Norris pulled out his service firearm and shot the dog from about three feet away. *Id.* Norris testified that the dog weighed approximately 75 to 80 pounds. *Id.* at 87: 21-22.

The incident garnered media attention, both nationally and internationally. *Id.* at 88:15-89-24. Forsyth gave an interview to a local media outlet during which he said that Norris acted appropriately. *Id.* at 90:1-91:24. Forsyth made no further public statements on the matter, and neither Mayor Casey nor any other representative of the City commented on the incident publicly. On July 28, 2014, Forsyth terminated Norris's employment.

On July 29, 2014, Forsyth sent a letter to Hometown Police Department personnel and Mayor Casey regarding the "dog shooting incident." Defs.' Mot. for Summ. J, Ex. 4 at 2. In the letter, Forsyth said that the incident had "been an emotional strain on the Mayor," Hometown police officers, and especially on the department's "dispatchers who have had to endure a barrage of angry and profane calls from the public." *Id.* Forsyth let officers know that his "decision to terminate Sgt. Norris was not an easy one" and required him to consider the "totality of the circumstances." *Id.* Forsyth explained that Norris was terminated, not only for his decision "discharge a firearm in close proximity to occupied homes and a young child," but also because of two prior incidents in which he had questioned Norris's judgment and had imposed disciplinary action. *Id.* Forsyth further stated that "[i]f an Officer makes a decision that endangers the lives and safety of the public then no I will not back them up . . . ." *Id.* at 3.

Following his termination from Hometown Police Department, Norris was unable to find other employment as a police officer. Norris testified that he applied to at least a dozen law enforcement positions and was not hired but that he does not know the reasons he was not hired. Norris Dep. at 38:5-18 & 53:3-22.

Norris filed this suit against City of Hometown, Forsyth, and Casey under 42 U.S.C. § 1983, alleging violations of his due process and equal protection rights and under state-law claims for defamation and intentional infliction of emotional distress. Defendants moved to dismiss Norris's complaint for failure to state a claim. Norris dropped his equal protection and state law claims. The Court dismissed Norris's deprivation of property due process claim, concluding that Norris, as an at-will employee, could not establish the requisite property interest. *Norris v. City of Hometown*, No. 15 C 4692, 2015 WL 6859301, at *3 (N.D. Ill. Nov. 8, 2015). The Court concluded, however, that Norris had sufficiently alleged a due process claim for deprivation of a liberty interest. Following discovery, defendants have moved for summary judgment on that claim.

**Discussion**

Summary judgment is appropriate where the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, this court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To sustain a claim for deprivation of liberty arising from the termination of governmental employment, a plaintiff must show that he was discharged from employment while being publicly stigmatized in a way that "had the effect of blacklisting the employee from employment in comparable jobs." *Townsend v. Vallas*, 256 F.3d 661, 669-70 (7th Cir. 2001); *see also Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002). Norris contends that defendants deprived him of his occupational liberty by way of his discharge plus Forsyth's letter, since which, he contends, he has been unable to find employment as a police officer.

Defendants make several arguments for why no reasonable jury could find in Norris's favor, but the Court need not address all of them. Norris has offered no evidence from which a reasonable jury could find that Forsyth's letter—the communication that Norris contends unfairly stigmatized him—had anything to do with his inability to land another job as a police officer. Norris testified that he applied to at least a dozen law enforcement positions but that he does not know the reason he was not hired. Norris Dep. at 38:5-18 & 53:3-22. And Norris offered no evidence from any of the prospective employers tending to show why they did not hire him, let alone that it had anything to do with Forsyth's letter. In addition, Forsyth testified that no prospective employers contacted him regarding Norris's employment with Hometown. Defs.' Mot. for Summ. J., Ex. 3 at 73:8-24. Likewise, Casey stated that "[a]t no time was I contacted by any potential employer to discuss Mr. Norris' employment as a part-time police officer with the City of Hometown or the reasons for his termination." *Id.*, Ex. 5 ¶ 8. Norris has offered no contrary evidence. Because Norris cannot show a causal link between the allegedly stigmatizing communication by defendants and any inability to

4

obtain comparable employment, defendants are entitled to summary judgment.

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [dkt. no. 23] and directs the Clerk to enter judgment in favor of defendants and against plaintiff.

Date: December 23, 2016

_____
MATTHEW F. KENNELLY
United States District Judge